UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA BRUHNS,

        Plaintiff,          CIVIL ACTION NO. 09-14671

v.

                                DISTRICT JUDGE GEORGE CARAM STEEH
                                MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
  _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*  \*  \*

Plaintiff filed an application for Social Security disability income benefits on May 12, 2006, alleging that she had been disabled and unable to work since July 1, 2004, at age 46, due to severe back and knee pain. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on December 11, 2008, before Administrative Law Judge (ALJ) Patricia McKay. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work providing a sit-stand option with no climbing of ladders, ropes or scaffolds. The ALJ further limited claimant from any crouching or crawling. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions

for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time of the administrative hearing. She had been graduated from high school, and had been employed as a bank teller (TR 31, 33). As a teller, Plaintiff had to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 53). Claimant stopped working in July 2004, due to severe knee pain (TR 34).

Plaintiff alleged that she was disabled as a result of back and knee pain (TR 267). Despite undergoing spinal fusion surgery in June 2006 (TR 41, 316-317), Plaintiff doubted that she could return to work due to severe joint pain and extreme fatigue (TR 39-40). The claimant spent most of her time at home where she needed to rest often when performing chores (TR 41, 129). She remained capable of shopping, cooking, housekeeping, socializing and doing the laundry (TR 39, 126-127). Medications allegedly proved ineffective, and caused her to become drowsy and forgetful (TR 43-45). Plaintiff had to lie down several times a day in order to get any pain relief (TR 42). She was allegedly unable to walk long distances because of leg pain and fatigue (TR 43). Plaintiff enjoyed reading, playing computer games and socializing with others on the telephone and through instant messaging (TR 128).

A Vocational Expert, Elizabeth Pasikowski, classified Plaintiff's past work as light, semi-skilled activity (TR 53). The witness testified that there would not be any jobs for

claimant to perform if her testimony were fully accepted[1] (TR 62). If she were capable of light work, however, there were numerous unskilled cashier and informational clerk jobs that she could still perform with minimal vocational adjustment (TR 54-55). These simple, routine jobs allowed a sit-stand option and did not require any ladder climbing, crouching or crawling (TR 53-54).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease and spondylosis of the lumbar spine, a history of Darier's disease[2], and a cystic formation of the right knee, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back and knee pain prevented her from working at jobs requiring her to sit or stand for prolonged period, and from work involving crouching, crawling or ladder climbing. The Law Judge nevertheless found that Ms. Bruhns retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the

---

[1]The witness testified that claimant's alleged inability to remain on her feet for any length of time would preclude all work activity (TR 62).

[2]Plaintiff did not take issue with the ALJ's assessment that her history of Darier's disease (a skin disorder) would not interfere with her ability to perform substantial gainful activity.

proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her back pain and knee pain.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988).

Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option, and not requiring frequent crouching, crawling or ladder climbing. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain.

Following spinal surgery in June 2006 (TR 316-317), Plaintiff initially reported reduced back discomfort and an absence of radiating leg pain (TR 342-343). While the back pain returned and intensified a few months after the operation, Dr. Morreale, the treating neurosurgeon, opined that the recent pain was due to a nerve that had been stretched during the surgery. Increased activity on the part of claimant while recuperating from the surgery also caused some of the pain to return (TR 338). By June 2007, Plaintiff reportedly was able to walk more often as the strength in her leg muscles improved with physical therapy (TR 337, 344). She was able to stand and walk for an hour each, and could perform sit to stand transfers from a variety of surfaces without using her hands (TR 344).

Even though the surgery did not completely eliminate claimant's back pain, she did receive enough relief to perform a wide variety of daily activities. Plaintiff was able to some gardening (while seated), prepare daily meals, perform household chores, drive, and go shopping twice a week for several hours at a time (TR 126-127). She also reported that she could read, play computer games and socialize with others by telephone and instant messaging (TR 128). Plaintiff testified that she was even able to engage in part-time employment as a cashier selling tickets at a flea market until October 2008[3]. This suggests that claimant retains the ability to maintain attention and concentration for extended periods. It also contradicts Plaintiff's allegations of totally disabling pain symptoms.

While claimant alleges that she cannot lift or utilize her arms properly, the ALJ properly rejected this claim as not fully credible. Since the alleged onset date of July 2004, the medical evidence revealed that Plaintiff primarily sought treatment for low back, knee and calf pain (TR 170-172, 184-194, 240-250, 316-317, 332-343). Moreover, the claimant's numerous reported activities conflict with her statements that she experienced debilitating upper extremity problems.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[4], who concluded that the claimant could perform a restricted range of light work, despite her joint pain. The consulting doctor opined that Plaintiff could occasionally kneel, but could never crouch, crawl or climb ladders (TR 251-258). In light of that evidence, the Commissioner could

---

[3] The ALJ found that the income generated by this work did not rise to the level of substantial gainful activity (TR 12).

[4] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2010).

reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back and knee pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by limiting her to simple, routine jobs that allowed a sit-stand option. The Law Judge further restricted claimant from jobs that did required frequent crouching, crawling, stooping, climbing or balancing.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions[5]. In response to hypothetical questions

---

[5]Plaintiff argues that if she had been found capable of sedentary work activity, the Medical-Vocational Guidelines would have mandated a finding of disabled, given her age

**7**

that took into consideration claimant's educational and vocational background, along with her significant impairments[6], the Vocational Expert testified that there were numerous unskilled cashier and informational clerk jobs that she could still perform with minimal vocational adjustment (TR 54-55). These simple, routine jobs allowed a sit-stand option and did not require any ladder climbing, crouching or crawling (TR 53-54). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes

---

and lack of transferable skills. The Medical-Vocational Guidelines are only utilized when the claimant is capable of a full range of substantial gainful activity. Hurt v. Secretary, 816 F.2d 1141, 1143 (6th Cir. 1987); Kirk v. Secretary, 667 F.2d 524, 528-529 (6th Cir. 1981). Because claimant could not perform a full range of light or sedentary work (i.e. a need for a sit-stand option), her characteristics did not precisely fit the pattern of the medical vocational guidelines and the ALJ was required to make a non-guideline determination. Kirk, 667 F.2d at 531.

[6]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her moderate postural limitations. The VE testified that there were nearly five thousand cashier and clerical positions did not require prolonged sitting, standing or walking (TR 54-55). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within seven (7) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: May 20, 2010

---

**CERTIFICATE OF SERVICE**

I hereby certify on May 20, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 20, 2010: **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217