UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA BRUHNS,

       Plaintiff,

vs.

                                  Case No.2:09-cv-14671
                                  HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION (# 13), GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 12), DENYING
PLAINTIFF"S MOTION FOR SUMMARY JUDGMENT (# 11), AND DISMISSING
PLAINTIFF'S CLAIMS**

This matter is before the court on the parties' cross-motions for summary judgment

as to plaintiff Donna Bruhns' claim for judicial review of defendant Commissioner of

Social Security's denial of her application for disability insurance benefits. Plaintiff

alleges that she is disabled due to degenerative disc disease and spondylosis of the

lumbar spine post-laminectomy and fusion; a history of Darier's disease (a skin

disorder); and a cystic formation in her right knee.  This matter was referred to

Magistrate Judge Donald A. Sheer, who issued a report and recommendation on May

20, 2010 recommending that the court deny plaintiff's motion for summary judgment,

and grant defendant's motion for summary judgment because there was substantial

evidence on the record that plaintiff retained the residual functional capacity for a limited range of light work with a sit/stand option and no climbing of ladders, ropes or scaffolds.

Plaintiff filed an application for disability insurance benefits in April of 2006, alleging disability as of July 1, 2004.  After her application was denied on August 9, 2006, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 24, 2009, after holding a hearing on plaintiff's claim, ALJ Patricia McKay issued a decision denying plaintiff's claim for benefits, finding that she retained the residual functional capacity for a limited range of light work with a sit/stand option.  The Appeals Council of the Social Security Administration denied plaintiff's request for review of the ALJ's decision on November 3, 2009, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).  Plaintiff initiated this civil action with the court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*  A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th

Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff objects to the magistrate judge's conclusion that there was substantial evidence on the record supporting the ALJ's decision that she could perform a limited range of light work with a sit/stand option.  Plaintiff also objects to the ALJ's finding that plaintiff's description of her pain as totally disabling was not credible.  Specifically, the ALJ found that "although the claimant's testimony appears relatively credible, there is insufficient evidence of record to establish the degree of limitation alleged."  Tr. at 15.

"Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.*"* *Walters v. Comm'r of Soc. Sec.*, 127 F. 3d 525, 531 (6th Cir. 1997).  Like the claimant in *Walters*, plaintiff's medical evidence is inconsistent with her complaints of severe, disabling pain. Prior to plaintiff's lumbar spine surgery in June of 2006, plaintiff sought treatment for her lower back pain and lower extremity conditions on a sporadic basis.  A month before her surgery, plaintiff indicated that she performed the following household chores: laundry, grocery shopping two to three times per week, gardening (while sitting), cleaning the floors, and preparing meals daily.  Tr. at 124-31.  She further indicated that her condition had no impact on her ability to handle money, and she enjoyed watching television or playing games on her computer.  *Id.*

Dr. Vittorio Morreale performed spinal fusion surgery on June 20, 2006.  The surgery improved plaintiff's lower extremity pain but her back pain did not improve.  Plaintiff continued to treat with Dr. Morreale post surgery, and despite her continued

complaints, MRI's revealed no significant changes except for some bone growth.  Tr. at 318-324.  On April 19, 2007, Dr. Morreale noted that the Lyrica was helping and that her apparent neuropathic pain may be due to a stretched nerve "as a result of re-establishing disk space height and her increasing her activity."  Tr. at 338.  An MRI revealed that there was "fluid collection along the left L4 and L5 nerve roots without compression." *Id.*

On June 28, 2007, plaintiff complained of left-sided pain and swollen legs, however she told Dr. Morreale that she "can do a lot more than [I] could before surgery."  Tr. at 337.  Discharge notes from physical therapy indicate that plaintiff had improved. *Id.* at 344.  She was independent with a home exercise program, her lower extremity strength had increased to "good+/normal."  She reported an ability to stand and/or walk for up to an hour, and was able to perform sit to stand transfers without the use of her hands from a variety of surfaces without any difficulties.  Revision surgery was performed in October of 2008 because it was discovered that fusion had not occurred at the L3 level.  From August of 2005 through October of 2008, plaintiff was able to work two days a week, for a 7-hour shift at the Gibraltar Trade Center as a cashier.  Plaintiff indicated that this position required her to sit for three hours and stand for four hours.

Based on the above, the court finds that the ALJ's decision was supported by substantial evidence on the record to conclude that plaintiff has a residual functional capacity to perform light work, with a sit/stand option and no climbing of ladders, ropes or scaffolds. It is clear that objective test results, including the collection of fluids revealed by the preoperative MRI, and the postoperative diagnosis of stenosis, pseudoarthrosis and post laminectomy syndrome L3-S1, all support plaintiff's

complaints of pain.  However, the question here deals with the severity of the pain

reported and given the effects of plaintiff's pain, it cannot be concluded that the ALJ's

decision is manifestly erroneous.  *Walters*, 127 F. 3d at 532.  Therefore, the decision of

the Commissioner is AFFIRMED.  *Studaway*, 815 F.2 at 1076.

Plaintiff's objections are OVERRULED.  Consistent with the analysis herein, the

court hereby ACCEPTS Magistrate Judge Donald A. Scheer's May 20, 2010 report and

recommendation (#13), GRANTS defendant Commissioner's motion for summary

judgment (#12), DENIES plaintiff Donna Bruhns' motion for summary judgment (#11),

and DISMISSES Bruhns' claims with prejudice.

SO ORDERED.


Dated:  March 22, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 22, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk